# IMPORTANT NOTICE
## <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

# $\mathfrak{Supreme}$ $\mathfrak{Court}$ $\mathfrak{of}$ $\mathfrak{Kentucky}$

2014-SC-000250-MR

KENNETH LESLIE WRIGHT, JR.                 APPELLANT

V.
            ON APPEAL FROM HARDIN CIRCUIT COURT
            HONORABLE KELLY M. EASTON, JUDGE
                     NO. 13-CR-00360

COMMONWEALTH OF KENTUCKY             APPELLEE

**MEMORANDUM OPINION OF THE COURT**

**<u>AFFIRMING</u>**

Appellant, Kenneth Leslie Wright, Jr., was indicted by a Hardin County Grand Jury on June 13, 2013. Appellant was charged with one count of robbery in the second degree and being a persistent felony offender in the first degree ("PFO1"). The charges were based on events that occurred on July 3, 2012. On that particular night, Althia Haycraft drove Appellant and his co-defendant, Mark Barnett, to a parking lot located near a Cash Express store in Elizabethtown, Kentucky. Haycraft was a former employee of that particular Cash Express store. Consequently, she knew that every night the closing manager placed all of the store's cash into a bank deposit bag and then immediately transported the bag to a nearby bank. Haycraft relayed this information to Appellant prior to the night in question.

Once Haycraft parked her vehicle, Appellant and Barnett headed on foot to the Cash Express store. Around that same time, Ashley Huckabee, the

store's manager, was finishing up her closing duties. Huckabee placed the deposit bag full of cash in her purse, closed the store, and headed to her vehicle parked nearby. As she opened her vehicle's door, Appellant or Barnett pushed her into the vehicle and grabbed her purse with the deposit bag inside. Appellant and Barnett then ran back to Haycraft's vehicle, making off with over $3,000 in cash.

Appellant and Barnett were jointly tried by a Hardin Circuit Court jury in February of 2014. The jury found Appellant guilty of both charges and recommended a sentence of ten years imprisonment for the second-degree robbery charge, which was enhanced to twenty years imprisonment by virtue of Appellant's PFO1 conviction. The trial court sentenced Appellant in conformity with the jury's recommended sentence. Appellant now appeals his conviction and sentence as a matter of right pursuant to § 110(2)(b) of the Kentucky Constitution.

Appellant brings forth two arguments in support of his appeal. In both arguments Appellant claims that he was denied a fair trial in violation of his due process rights as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Section Eleven of the Kentucky Constitution. Appellant's first argument concerns comments the trial judge made to the jury prior to his formal reading of the instructions. At no point, however, did Appellant object to the complained of comments. Nonetheless, Appellant now requests that this Court review the matter for palpable error pursuant to Kentucky Rules of Criminal Procedure ("RCr") 10.26.

2

After the trial judge explained to the jury the role of jury foreman and alternative jurors, he made the following statements:

> Twelve of you are going to go back to the jury room to deliberate. The first thing you should do is to select one of you to act as your presiding officer . . . . The presiding officer is just to . . . lead discussion and make sure that the jury is able to participate in deliberations. And, your duty as a jury is to deliberate. Um, other words for deliberate are just to consider, to think about. You've been instructed throughout this trial that you are not to form any opinions until the case is finally submitted to you. Well, that's going to happen, when we finish the instructions, it will be finally submitted to you. And I realize that you have thoughts about what you have heard. But to have formed a final and unshakable opinion before considering the input of your fellow jurors would be contrary to your oath to follow the law because the law requires you to deliberate with each other. Now we often experience these days, especially in our political discourse, and elsewhere, that consensus is looked down upon, and many opinions are polarized with no room for discussion. But, I ask you to think about the seriousness of what you are deciding for both sides and to be open to the thoughts of others. So, with that in mind, every juror should be given the opportunity to state and discuss his or her views. Now I used the word opportunity because some people like to talk more than others. There's no requirement that you say anything as one of the jurors. The point is that you have the opportunity to speak if you want to. Also, there is no minimum or maximum time for deliberations. How long it takes for you to reach an agreement is not the issue. It is the duty actually to deliberate as jurors that I'm commenting on at this point. Now you must weigh and consider this case without regard to sympathy, to any kind of prejudice or passion for or against either side of the case. Now those of us outside the jury room have no right to know what is said during your deliberations.

Appellant maintains that the above-quoted comments amounted to an improper "*Allen* Charge," thereby rendering his trial fundamentally unfair because the jury was forced to compromise. An "*Allen* Charge" is a set of lengthy instructions trial judges provided to deadlock juries prior to 1992. *See Allen v. United States,* 164 U.S. 492 (1896). The *Allen* Charge is no longer

3

utilized, as trial judges now recite the five instructions listed in RCr 9.57(1). That is, if a trial judge believes a deadlocked jury may benefit from further deliberations, he or she may explain to the jury the desirability of reaching a verdict as long as the jury is also given the following five instructions: In continuing deliberations (1) each juror must agree to the verdict; (2) jurors must consult with one another with a view of reaching an agreement; (3) an impartial consideration of the evidence with the other jurors must be made; (4) each juror should reexamine his or her own views and change those views if convinced they are erroneous; and (5) a juror should not surrender his or her honest conviction as to the weight or effect of the evidence solely because of the opinion of other jurors, or for the mere purpose of returning a verdict. RCr 9.57(1)(a)-(e).

We disagree that the trial judge's comments are tantamount to an RCr 9.57(1) instruction. At most, his comments resemble portions of the instruction by informing the jury that they were to deliberate, consult with one another, and maintain an impartial consideration of the evidence. However, the trial judge's comments did not incorporate the crux of RCr 9.57(1), which is that in the event a unanimous decision is not made, the jurors should continue deliberating and reexamine their individual conclusions with a goal of reaching a verdict.

Furthermore, even if the trial judge's comments constituted an RCr 9.57(1) instruction, we are unaware of any case law that would require reversal. In those rare cases wherein an RCr 9.57(1) instruction was given

4

prematurely, reversal was only warranted when the instruction coerced the jury into returning a verdict. For example, in *Bell v. Commonwealth,* the trial judge provided the jury with an RCr 9.57(1) instruction without any indication that the jury was deadlocked. 245 S.W.3d 738, 741 (Ky. 2008), *overruled on other grounds by Harp v. Commonwealth,* 266 S.W.3d 813, 821 (Ky. 2008). After an hour passed, the trial judge called the foreperson into his chambers and inquired into whether further deliberations would be fruitful. *Bell,* 245 S.W.3d at 741. The foreperson answered in the affirmative and was sent back to deliberate. *Id.* at 742. Within twenty minutes, the jury informed the trial judge that they had reached a verdict. *Id.* This Court concluded that the trial judge's "unduly coercive actions" constituted palpable error. *Id.*

Unlike *Bell,* this Court does not believe that the jury was coerced into reaching a verdict. *See Abbott v. Commonwealth,* 352 S.W.2d 552, 554 (Ky. 1961) ("ultimate test of coercion is whether the instruction actually forces an agreement on a verdict or whether it merely forces deliberation which results in an agreement."). The only time the trial judge mentioned reaching a verdict was when he explained that "there is no minimum or maximum time for deliberations." The trial judge's comments merely encouraged the jury to deliberate with one another and to keep an open mind. For these reasons, we cannot find that Appellant was deprived of a substantial right or that a manifest injustice occurred.

Appellant's second argument also concerns his constitutional right to a fair trial. More specifically, Appellant claims that while providing the jury with

5

its instructions, the trial judge deviated from a verbatim recitation of the actual instructions and made prejudicial comments. Appellant claims that the trial judge made the following comments: "Instruction number four authorized verdict: You shall find the defendant not guilty under these instructions unless you believe from the evidence beyond a reasonable doubt that he is guilty of, *and there is the charge listed,* second-degree robbery. *And that is count one.*" (Emphasis added). Appellant maintains that the emphasized portion of the aforementioned comment informed the jury that there were additional charges pending against him, namely the PFO1 charge. Appellant failed to object to the trial judge's comments, but requests palpable error review.

This Court has carefully reviewed the recorded portion of the trial wherein the trial judge read the jury its instructions. We strongly disagree with Appellant that the trial judge stated "and there is the charge listed, second-degree robbery. And that is count one." Instead, the trial judge stated the following: "You shall find the defendant not guilty under these instructions unless you believe from the evidence beyond a reasonable doubt that he is guilty of second-degree robbery. Count one." Therefore, the only portion of the trial judge's statement that was not a verbatim recitation of the instruction was when he quickly stated "Count one." We find it unlikely that the jury interpreted that statement to mean that there were more charges. Especially in light of the fact that the trial judge immediately began reciting the lesser charge of second degree robbery, it is most likely that the jurors assumed that charge was count two.

6

Moreover, even if this Court were to conclude that the trial judge's statement was error, we cannot find that the error was so prejudicial as to constitute a manifest injustice. Upon consideration of the entire case and the amount of evidence supporting Appellant's guilty verdict, there is no substantial possibility that the result of the trial would have been any different absent the error. *See, e.g., Partin v. Commonwealth*, 918 S.W.2d 219, 224 (Ky. 1996).

For the forgoing reasons, the Hardin Circuit Court's judgment is hereby affirmed.

All sitting. All concur.

COUNSEL FOR APPELLANT:

V. Gene Lewter
Department of Public Advocacy

COUNSEL FOR APPELLEE:

Jack Conway
Attorney General of Kentucky

David Wayne Barr
Assistant Attorney General